# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS - SAN ANTONIO DIVISION

| | |
|---|---|
| **Ken Stefanovich and Barbara Stefanovich,** | |
| Plaintiffss, | Case No. 5:22-cv-00020 |
| v. | |
| **Hyundai Motor America,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Ken Stefanovich and Barbara Stefanovich** ("Plaintiffs"), by and through their attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Hyundai Motor America** ("Defendant"):

### INTRODUCTION

1.  Plaintiffs' Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, and Tex. Bus. & Com. Code §§ 2.313, 2.314.

### JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that Plaintiffs claim more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3.  This Court has personal jurisdiction over Defendant who conducts business in the State of Texas.

4. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because Plaintiffs purchased the subject vehicle in Comal County; a substantial part of the events giving rise to the Plaintiffs' claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles; and Defendant is subject to personal jurisdiction in this district. .

**PARTIES**

5. Plaintiffs are a married couple residing in San Antonio, Texas 78261.

6. Defendant is a corporation qualified to do and regularly conducting business in the State of Texas, with a registered principal place of business located at 10550 Talbert Avenue, Fountain Valley, California 92708. Defendant is engaged in the manufacture, sale, and distribution of motor vehicles and related equipment and services. Defendant is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including Roger Beasley Hyundai of New Braunfels.

**FACTUAL ALLEGATIONS**

7. On or about November 27, 2020, Plaintiffs purchased a Hyundai Santa Fe SEL in New Braunfels, Texas bearing the Vehicle Identification Number 5NMS33AD7LH294066 (hereinafter the "Vehicle"). A true and accurate copy of the Purchase Agreement is attached as Exhibit "A."

8. At all times relevant hereto, the subject vehicle was registered in the State of Texas.

9. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $39,300.16 *See* Exhibit "A".

10. In consideration for the purchase of said vehicle, Defendant issued to Plaintiffs several warranties, guarantees, affirmations or undertakings with respect to the material or

workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

11. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiffs.

12. The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

13. As a result of the ineffective repair attempts made by Defendant through its authorized agents, the vehicle's use, value and safety have been substantially impaired and Plaintiffs is unable to utilize the vehicle for its intended purposes.

14. The subject vehicle is afflicted with certain defects, conditions and non-conformities related to the engine and door lock/unlocking system. In connection with those substantial non-conformities, Plaintiffs presented the vehicle for repair.

15. Plaintiffs delivered the Vehicle to Defendant's authorized service and repair facility, located where they purchased the Vehicle, Roger Beasley Hyundai New Braunfels ("Roger Beasley Hyundai"), on at least six (6) instances to remedy these concerns, which are covered by the warranty issued by Defendant.

      a. December 22, 2020 – December 26, 2020, where the odometer reflected 1,170 miles, Plaintiffs presented the Vehicle for repair at Roger Beasley Hyundai in connection with electrical and engine defects. The vehicle was out of service for five (5) days in connection with this repair attempt. A true and accurate copy of this Repair Order is attached as Exhibit "B-1."

b. March 1, 2021 – March 15 2021, where the odometer reflected 3,349 miles, Plaintiffs presented the Vehicle for repair at Roger Beasley Hyundai in connection with: engine defects. The vehicle was out of service for fourteen (14) days in connection with this repair attempt. A true and accurate copy of this Repair Order is attached as Exhibit "B-2."

c. May 12, 2021 – May 18, 2021, where the odometer reflected 5,094 miles, Plaintiffs presented the Vehicle for repair at Roger Beasley Hyundai in connection with: engine defects and electrical problems. The vehicle was out of service for six (6) days in connection with this repair attempt. A true and accurate copy of this Repair Order is attached as Exhibit "B-3."

d. May 22, 2021 – May 28, 2021, where the odometer reflected 5,102 miles, Plaintiffs presented the Vehicle for repair at Roger Beasley Hyundai in connection with: engine defects and electrical issues. The vehicle was out of service for five (5) days in connection with this repair attempt. A true and accurate copy of this Repair Order is attached as Exhibit "B-4."

e. July 15, 2021 – July 21, 2021, where the odometer reflected 7,034 miles, Plaintiffs presented the Vehicle for repair at Roger Beasley Hyundai in connection with: engine defects, electrical problems and intermittent power loss. The vehicle was out of service for six (6) days in connection with this repair attempt. A true and accurate copy of this Repair Order is attached as Exhibit "B-5."

f. November 3, 2021 – November 10, 2021, where the odometer reflected 10,876 miles, Plaintiffs presented the Vehicle for repair at Roger Beasley

Hyundai in connection with: electrical issues. The vehicle was out of service for seven (7) days in connection with this repair attempt. A true and accurate copy of this Repair Order is attached as Exhibit "B-6."

16. The vehicle was out of service for the above attempted repairs, for a total of forty-four (44) days, indicating the serverity of the problem.

17. Upon information and believe, the vehicle remains in a defective and/or unrelaible state and is substantially impaired.

18. Plaintiffs no longer feel safe driving the subject vehicle and have lost confidence in it by virtue of Defendant's failure to conduct repairs within a reasonable period of time, as promised in the Vehicle's warranty.

## FIRST CAUSE OF ACTION
**Breach of Warranty Pursuant to the Magnuson-Moss
Warranty Improvement Act, 15 U.S.C. § 2301, *et seq*.**

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Plaintiffs are "consumers" as defined in 15 U.S.C. § 2301(3).

21. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

22. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

23. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

24. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiffs.

23. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs ineffective.

24. Defendant has failed to remedy the Vehicle's engine defects and door lock/unlocking system issues within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the Vehicle.

25. As a result of Defendant's conduct and/or failure to timely and/or properly repair the vehicle, Plaintiffs have been and continue to suffer damages, left with a vehicle that cannot meet their reasonable needs as marketed to them by Defendant.

26. As a result of Defendant's actions, Plaintiffs have been required to retain legal counsel to recover their damages as Defendant refused and continues to refuse to do so voluntarily.

27. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

　　a. If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

28. Plaintiffs have afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

29. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and contracts, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

30. Defendant's warranty was not provided to Plaintiffs until after the vehicle was

delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

31. Plaintiffs avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees and cost are recoverable and are demanded against Defendant. Plaintiffs respectfully demand judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314**

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant is a merchant with respect to motor vehicles.

34. The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and V.T.C.A., Bus. & C. § 2.314, running from the Defendant to the Plaintiffs.

35. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

36. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiffs purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

37. Indeed, the Vehicle suffered from severe engine defects and persistent door lock/unlocking system issues that prevented Plaintiffs from being able to properly use the Vehicle.

38. The persistent defects in the engine is unreasonably dangerous because it can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them, to serious risk of accidents and injury or death. The persistent defects in the door lock/unlocking system also create a great safety risk to Plaintiffs.

39. Plaintiffs notified Defendant of the engine defects and door lock/unlocking system issues in the Vehicle within a reasonable time after Plaintiffs discovered them.

40. As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiffs have suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

**THIRD CAUSE OF ACTION**
**Breach of Express Warranties**
**Tex. Bus. & Com. Code § 2.313**

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. In connection with the sale of the Vehicle to the Plaintiffs, Defendant provided the Plaintiffs with a new vehicle warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance.

43. Plaintiffs relied on Defendant's warranties when they agreed to purchase or lease the Vehicle and Defendant's warranties were part of the basis of the bargain.

44. Plaintiffs submitted their Vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiffs, by failing to fully repair the engine defects and door lock/unlocking system issues under the Vehicle's warranty as described herein.

45. Plaintiffs have given Defendant a reasonable number of opportunities to cure said defect, but Defendant has been unable to do so within a reasonable time.

46. As a result of said nonconformities, Plaintiffs cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

47. Plaintiffs could not have reasonably discovered said nonconformities with the Vehicle prior to Plaintiffs' acceptance of the Vehicle.

48. Plaintiffs would not have purchased the Vehicle, had they known, prior to the time of purchase, that the Vehicle contained the aforementioned defects.

49. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiffs have suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their Vehicle, and a diminution in the value of the Vehicle containing the defects identified herein.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs, **Ken Stefanovich and Barbara Stefanovich,** respectfully pray for judgment as follows:

    a. An order approving revocation of acceptance of the subject vehicle;

    b. For a trial by jury on all issues except the determination of reasonable attorney's fees and costs and the determination of which damages shall be trebled, which are reserved for determination by the Court in the event that Plaintiffs prevails at a trial on the merits;

    c. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

  d.  Incidental and consequential damages;

  e.  Costs, including expert witness fees and reasonable attorney's fees;

  f.  Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiffs, **Ken Stefanovich and Barbara Stefanovich**, demand a jury trial in this case.

Respectfully submitted,

Dated:

By: *s/ Craig Thor Kimmel*
Craig Thor Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com